David Newmann (No. 82401)
david.newmann@hoganlovells.com
Jason M. Russell (No. 325963)
jason.russell@hoganlovells.com
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4600

*Attorneys for Defendants Federal Insurance Company,*
*Chubb INA Holdings Inc., & Chubb Group Holdings Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KEYSTONE SPORTS AND ENTERTAINMENT LLC, FC PENNSYLVANIA STADIUM LLC, PENNSYLVANIA PROFESSIONAL SOCCER LLC, RIVERTOWN DEVELOPERS, L.P., RIVERTOWN, TCI, LP, and KSE U2 LLC,** | Civil Action No. _____ |
| Plaintiffs, | |
| v. | **NOTICE OF REMOVAL** |
| **FEDERAL INSURANCE COMPANY, CHUBB INA HOLDINGS, INC., and CHUBB GROUP HOLDINGS, INC.** | |
| Defendants. | |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

**PLEASE TAKE NOTICE** that Defendant Federal Insurance Company ("Federal"), and

Specially Appearing Defendants Chubb INA Holdings Inc. ("Chubb INA", incorrectly identified

as defendant "Chubb INA Holdings, Inc.") and Chubb Group Holdings Inc. ("Chubb Group",

incorrectly identified as defendant "Chubb Group Holdings, Inc."),[1] by their attorneys, hereby remove this action from the Pennsylvania Court of Common Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  The grounds for removal are as follows:

## State Court Action

1.      On or about January 2, 2021, Plaintiff Keystone Sports and Entertainment LLC ("Keystone"), along with Plaintiffs FC Pennsylvania Stadium LLC, Pennsylvania Professional Soccer LLC, Rivertown Developers, L.P., Rivertown TCI, L.P., and KSE UT LLC (collectively, "Plaintiffs"), commenced this action by filing a Complaint in the Pennsylvania Court of Common Pleas, County of Philadelphia, Case ID No. 210100008 (the "State Court Action").

2.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint along with the two supporting documents filed in the State Court Action is attached hereto as Exhibit A.

3.      The Complaint in this matter alleges claims against Federal, Chubb INA, and Chubb Group for (1) Declaratory Judgment, seeking a ruling that Plaintiffs are entitled to coverage under Customarq Series Classic Insurance Program Policy Number 3594-16-31 PHL (the "Policy") issued to Plaintiffs by Federal; and (2) Breach of Contract and Duty of Good Faith and Fair Dealing, based on Federal's denial of coverage under the Policy.  *See* Ex. A, Compl. ¶¶ 1, 138-42, 143-50.

4.      Service of the Summons and Complaint was completed on both Chubb INA and Chubb Group on January 11, 2021.  True and correct copies of the Affidavits of Service of

---

[1]  As set forth in further detail below, Specially Appearing Defendants Chubb INA and Chubb Group are not proper parties to this action and expressly reserve all rights and defenses.

Plaintiffs' Complaint upon Chubb INA and Chubb Group are attached hereto as Exhibits B and C, respectively.

5.      Service of the Summons and Complaint was completed on Federal on January 29, 2021. A true and correct copy of the Affidavit of Service of Plaintiffs' Complaint upon Federal is attached hereto as Exhibit D.

6.      According to the docket sheet from the Pennsylvania Court of Common Pleas, Philadelphia County, a copy of which is attached hereto and incorporated herein as Exhibit E, the following documents are the only filings in the State Court Action:[2]

        a.  Civil Cover Sheet, along with a complete list of Plaintiffs

        b.  Complaint

        c.  Supporting Document – Exhibit 1

        d.  Supporting Document – Exhibit 2

        e.  Commerce Program Addendum to Civil Cover Sheet

7.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served on Defendants in the State Court Action are attached hereto and incorporated herein as Exhibits A through D.

8.      The Complaint constitutes the initial pleading setting forth the claims for relief upon which this action is based. *See* 28 USC §1446(b).

---

[2] The docket sheet from the State Court Action also reflects a number of Entries of Appearance that have been filed by both parties, along with a Stipulation extending Defendants' time to respond to Plaintiffs' Complaint. *See* Ex. E.

**Procedural Requirements for Removal**

9.      Removal of the State Court Action to this Court satisfies the procedural requirements of 28 U.S.C. § 1446.  This Court is the "district court of the United States for the district and division within which [this] action is pending[.]" 28 U.S.C. § 1446(a).

10.      Removal of the State Court Action is proper under 28 U.S.C. § 1441(a) because Philadelphia County, where this action was filed, is within the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118.

11.      Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely because it is filed within 30 days after the receipt by Federal, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

12.      Pursuant to 28 U.S.C. § 1446(d), Federal will also file a copy of this Notice of Removal with the Clerk of the Pennsylvania Court of Common Pleas, County of Philadelphia, with a copy to Plaintiffs' counsel.

13.      All Defendants in this matter consent to removal of this action.

**Diversity of Citizenship under 28 U.S.C. § 1332 (a)(1)**

14.      This action may be removed by Federal, Chubb INA and Chubb Group pursuant to 28 U.S.C. § 1441.

15.      The Complaint alleges that Plaintiff Keystone Sports and Entertainment is a Delaware Limited Liability Company with its principal place of business in Chester, Pennsylvania. *See* Compl. ¶ 16.

16.      The Complaint alleges that Plaintiff FC Pennsylvania Stadium is a Delaware Limited Liability Company with its principal place of business in Chester, Pennsylvania. *See id.* ¶ 17.

4

17.     The Complaint alleges that Plaintiff Pennsylvania Professional Soccer is a Delaware Limited Liability Company with its principal place of business in Chester, Pennsylvania. *See id.* ¶ 18.

18.     The Complaint alleges that Plaintiff Rivertown Developers is a Pennsylvania Limited Partnership with its principal place of business in Chester, Pennsylvania. *See id.* ¶ 19.

19.     The Complaint alleges that Plaintiff Rivertown TCI is a Pennsylvania Limited Partnership with its principal place of business in Chester, Pennsylvania. *See id.* ¶ 20.

20.     The Complaint alleges that Plaintiff KSE U2 is a Delaware Limited Liability Company with its principal place of business in Chester, Pennsylvania. *See id.* ¶ 21.

21.     The Complaint alleges, correctly, that Defendant Federal Insurance Company ("Federal") is an Indiana corporation. *See id.* ¶ 22.  The Complaint also alleges that Federal has its principal place of business in Indianapolis, Indiana. *See id.*  Contrary to that allegation, Federal's principal place of business is actually Whitehouse Station, New Jersey.  However, that difference does not impact removal, because none of the Plaintiffs is a citizen of Indiana or New Jersey.

22.     The citizenship of unincorporated associations, such as limited liability companies and limited partnerships, is determined by the citizenship of each of its members or partners for purposes of diversity jurisdiction. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).  According to publicly available records, none of the Plaintiffs' members or partners reside in Indiana or New Jersey.

23.     The Complaint alleges that Defendant Chubb INA Holdings ("Chubb INA") and Defendant Chubb Group Holdings ("Chubb Group") are Pennsylvania corporations with their principal places of business in Philadelphia, Pennsylvania. *See* Compl. ¶¶ 24, 25.  Contrary to

those allegations, both Chubb INA and Chubb Group are actually Delaware holding companies, and Chubb Group's principal place of business is New York.  That discrepancy, however, does not impact removal because, as shown below, Defendants Chubb INA and Chubb Group have been fraudulently joined in this matter in an effort to defeat diversity.  Therefore, their citizenship is disregarded for removal purposes.

**Fraudulent Joinder of Chubb INA Holdings Inc. and
Chubb Group Holdings Inc.**

24.     The fraudulent joinder doctrine allows a district court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."  *In re Briscoe*, 448 F. 3d 201, 216 (3d Cir. 2006) (internal quotation and citation omitted).

25.     Joinder of a non-diverse defendant is fraudulent when "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."  *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (citation omitted).

26.     In determining whether a defendant has been fraudulently joined, the Third Circuit has "made it clear that a court can look to more than just the pleading allegations to identify indicia of fraudulent joinder."  *Briscoe*, 448 F.3d at 219; *see also Abels*, 770 F.2d 26 at 29 ("First we must ask whether, on the face of the complaint, there are sufficient allegations concerning [the non-diverse defendants'] identity and conduct to justify consideration of their citizenship.  Second, we must look *beyond the face of the complaint* for indicia of fraudulent joinder.") (emphasis added).

27.     Pennsylvania law is the guidepost in determining whether Plaintiffs can establish any reasonable basis in fact or some colorable legal ground supporting their claims against Chubb

INA and Chubb Group, the non-diverse Defendants.  *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852-53 (3d Cir. 1992).

28.      In the instant case, Plaintiffs purport to assert claims against Chubb INA and Chubb Group for breach of contract, bad faith and declaratory judgment based on the Policy issued by Federal.  *See* Ex. A, Compl. ¶¶ 138-42, 143-50.

29.      Pennsylvania law is clear: "It is fundamental contract law that one cannot be liable for a breach of contract unless one is a party to that contract."  *Electron Energy Corp. v. Short*, 597 A.2d 175, 177 (Pa. Super. Ct. 1991); *see also Brand v. AXA Equitable Life Ins. Co.*, Civil Action No. 08-2859, 2008 WL 4279863 at *2 ("[I]t is the general rule that an insured may bring claims for breach of contract and bad faith against the insurer who issued the policy but not against related parties, such as reinsurers and third party administrators, who are not in privity with the insured.") (citing *Reid v. Ruffin*, 469 A.2d 1030, 1033 (Pa. 1983)); *McLaren v. AIG Domestic Claims, Inc.*, 853 F. Supp. 2d 499, 511 (E.D. Pa. 2012) ("[C]ourts applying Pennsylvania law have stated that a party acts as an insurer when it 'issues policies, collects premiums, and in exchange assumes certain risks and contractual obligations.'") (quoting *Brand*, 2008 WL 4279863, at *4). Likewise, a plaintiff is "shut out" from pursuing a Declaratory Judgment claim against entities other than the issuing insurer "by reason of [such entities'] lack of privity to the insurance contract."  *Burnham Coal Co. v. PBS Coals, Inc.*, 442 A.2d 3, 6 (Pa. Commw. Ct. 1982).

30.      Here, Federal is the only entity that issued the Policy.  *See* Affidavit of Brandon Peene, Secretary and Vice President of Federal Insurance Company, attached hereto and incorporated herein as Exhibit F.  Indeed, Plaintiffs themselves allege that Federal sold Plaintiffs the Policy.  *See* Ex. A, Compl. ¶ 1; *see also id.* ¶ 32 ("*Federal* is an insurance company that sold

an insurance policy to Plaintiffs providing coverage to Plaintiffs against business income loss incurred resulting from 'direct physical loss or damage . . . .'") (emphasis added).

31.     A review of the Policy confirms that it was issued by Federal.  *See* Ex. A, Exhibit 1 to Complaint, Insuring Agreement, at 54 ("Policy Number 3594-16-31 PHL; Effective Date July 1, 2019; Issued by the stock insurance company indicated below, herein called the company. FEDERAL INSURANCE COMPANY"); *see also* Ex. F, Affidavit of Brandon Peene.  Nothing in the Policy identifies Chubb INA or Chubb Group is a party to the contract.  *See generally* Exhibit A, Exhibit 1 to Complaint; *see also* Ex. F, Affidavit of Brandon Peene.

32.     Thus, because Plaintiffs' own allegations and the insurance policy on which they sue establish that only Federal issued the policy, and Chubb INA and Chubb Group did not*,* "there is no reasonable basis in fact or colorable ground supporting" the claims against Chubb INA and Chubb Group, and their citizenship must be disregarded.  *Abels*, 770 F.2d at 32.

33.     Rather than attempting to plead that Chubb INA and Chubb Group are in privity with Plaintiffs, Plaintiffs allege that the "language" of the "insurance contract *with Defendant Federal* . . . was reviewed and/or approved by Defendants Chubb INA and Chubb Group."  Ex. A, Compl. ¶ 15 (emphasis added).  Further, Plaintiffs allege that "[a]though Federal drafted the Policy, upon information and belief, the key policy terms were approved by Chubb INA and/or Chubb Group."  *Id.* ¶ 91.  Plaintiffs also "believe[]" that both Chubb INA and Chubb Group were "involved" in "key underwriting and binding decisions pertinent to the Policy," such as the decision "to disclaim coverage without conducting a fair, reasonable, or adequate investigation[.]"  *Id.* ¶ 92.

34.     Yet these allegations do not change the fundamental, undisputed facts that neither Chubb INA nor Chubb Group issued the Policy and that therefore neither is in privity with Plaintiffs.

35.     Moreover, even if Plaintiffs' allegations about Chubb INA and Chubb Group had any legal relevance, which they do not, the allegations are baseless.  Chubb INA operates as a holding company, has no employees, and is separate and distinct from Federal Insurance Company.  *See* Affidavit of Rebecca Collins, Secretary and Vice President of Chubb INA, attached hereto and incorporated herein as Exhibit G.  As a result, Chubb INA does not issue or write insurance policies, but owns interests in various subsidiary companies, including Federal, that write and issue insurance policies.  *See id.*

36.     Likewise, Chubb Group operates as a holding company and is separate and distinct from Federal Insurance Company and Chubb INA.  *See* Affidavit of Rebecca Collins, Secretary and Vice President of Chubb Group, attached hereto and incorporated herein as Exhibit H.  Chubb Group also does not issue or write insurance policies, but owns interests in various subsidiary companies, including Federal, that write and issue insurance policies.  *See id.*

37.     Moreover, contrary to the allegations in the Complaint, Chubb INA did not investigate or adjust the claim filed by Plaintiffs at issue in this litigation.  *See* Ex. G, Affidavit of Rebecca Collins.  Chubb INA also does not supervise, control or direct the activities of Federal with respect to the investigation or adjustment of claims.  *See id.*

38.     Likewise, Chubb Group did not investigate or adjust the claim filed by Plaintiffs at issue in this litigation.  *See* Ex. H, Affidavit of Rebecca Collins.  Chubb Group does not supervise, control or direct the activities of Federal with respect to the investigation or adjustment of claims.  *See id.*

39.     In sum, because there is no contract between Plaintiffs and Chubb INA or Chubb Group, Plaintiffs' claims of breach of contract against them are "wholly insubstantial and frivolous." *See Scheerer v. Progressive Advanced Ins. Co., Inc.*, Civil Action No. 13-2919, 2013 WL 12149714, at *2 (E.D. Pa. Aug. 9, 2013) (quoting *Briscoe*, 448 F.3d at 218) (finding that joinder of non-diverse defendants was fraudulent because no contractual privity existed between the insured and the defendants).

40.     Accordingly, this Court should "disregard for jurisdictional purposes, the citizenship of [Chubb INA and Chubb Group], assume jurisdiction over [this matter], dismiss the nondiverse defendants, and thereby retain jurisdiction." *Briscoe*, 448 F. 3d at 216.

## Amount in Controversy

41.     This action meets the amount in controversy requirement of 28 U.S.C. § 1332(a). The Complaint alleges that Plaintiff is entitled to a declaration that insurance coverage exists for property damage.  Plaintiffs allege that they "had to expend significant sums of money in order to repair the physical loss or damage and the infestation on the surface of their Insured Premises." Ex. A, Compl. ¶ 77.

42.     To repair the damage, "Plaintiffs made numerous operational and physical changes and/or structural alterations to Subaru Park and the Insured Premises." *Id.* ¶ 78.  For example, Plaintiffs maintain they were forced to put "new equipment, machines, and a computer system in place to measure individuals' temperatures and monitor people specifically for COVID-19." *Id.* ¶ 81.  In addition, "[t]he locker rooms, suites, press box, and other areas have been repurposed or remodeled to permit additional spacing for social distancing." *Id.*

43.     Plaintiffs also allege that their damages include "the reduction of revenue and income related to the cancellation and/or indefinite postponements of Philadelphia Union home

games, concerts, private special events, tours, youth camps, and public training camps." *Id.* ¶ 137. They also allege that Plaintiffs' damages "are further related to the inability to profit from the Philadelphia Union's success in clinching the overall record of Major League Soccer for the 2020 regular season and winning the Supporters' Shield because of direct physical loss or damage brought about by COVID-19." *Id.*

44.     Concerning the value of Plaintiffs' claim, it is important to note that the Complaint itself alleges that just the premiums paid for the policy at issue for one year totaled $163,038. *Id.* ¶ 37. Further, the Policy reflects that its limits total for Premises Coverage is $168,772,890. Ex. A, Exhibit 1 to Complaint, Declarations, at 61. As such, it is clear that the risks insured under the policy far exceed the minimum amount in controversy of $75,000.

45.     In addition to compensatory damages, Plaintiffs also seek consequential damages against Defendants, as well as an award of attorneys' fees and cost of suit incurred. Ex. A, Compl. at Section VI.

46.     Accordingly, Federal, Chubb INA, and Chubb Group have met their burden of demonstrating that the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a).

**WHEREFORE**, Defendant Federal Insurance Company and Specially Appearing Defendants Chubb INA and Chubb Group respectfully remove this action from the Pennsylvania Court of Common Pleas, Philadelphia County, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Notice of Removal is filed subject to and with full reservation of rights including, but not limited to, defenses and objections to venue, improper service of process, and personal jurisdiction. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

Dated:  February 9, 2021

HOGAN LOVELLS US LLP

David Newmann (No. 82401)
david.newmann@hoganlovells.com
Jason M. Russell (No. 325963)
jason.russell@hoganlovells.com
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4600

*Attorneys for Defendants Federal Insurance Company, Chubb INA Holdings Inc., & Chubb Group Holdings Inc.*

## **CERTIFICATE OF SERVICE**

I, David Newmann, hereby certify that, on February 9, 2021, I served via overnight mail and electronic mail a true and correct copy of the foregoing Notice of Removal, and all documents filed herewith, on Plaintiffs' counsel.

Marni S. Berger, Esq.
Jeffrey Goodman, Esq.
SALTZ MONGELUZZI & BENDESKY P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
mberger@smbb.com
jgoodman@smbb.com

David Newmann

13