IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEYSTONE SPORTS AND ENTERTAINMENT LLC, FC PENNSYLVANIA STADIUM LLC, PENNSYLVANIA PROFESSIONAL SOCCER LLC, RIVERTOWN DEVELOPERS, L.P., RIVERTOWN, TCI, LP, and KSE U2 LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, CHUBB INA HOLDINGS, INC., and, CHUBB GROUP HOLDINGS, INC.,<br><br>Defendants. | Case No. 2:21-cv-00609-PBT |

## DEFENDANTS' SUR-REPLY IN FURTHER SUPPORT OF THEIR OPPOSITION TO THE MOTION TO REMAND

David Newmann (No. 82401)
david.newmann@hoganlovells.com
Jasmeet K. Ahuja (No. 322093)
jasmeet.ahuja@hoganlovells.com
Jason M. Russell (No. 325963)
jason.russell@hoganlovells.com
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4600

*Attorneys for Defendants Federal Insurance Company, Chubb INA Holdings Inc., & Chubb Group Holdings Inc.*

The record—starting with the first paragraph of Plaintiffs' Complaint—establishes that Plaintiffs have a contractual relationship with only one defendant: Federal Insurance Company ("Federal"). Compl. ¶ 1. The record also shows that the two other entities which Plaintiffs sued—in a baseless attempt to defeat removal—are not mentioned anywhere in Plaintiffs' policy or in any communication with Plaintiffs. This Court and others, applying basic privity rules, hold that a policyholder has no claim against affiliates of its insurer in these circumstances. Yet Plaintiffs' Reply urges this Court to disregard that rule based on a single footnote in a readily distinguishable state court decision whose contract analysis this Court rejects. Plaintiffs' Reply also cites their own "proposed Amended Complaint," even though no motion for leave to amend has been filed, and consideration of a post-removal amendment is off-limits for remand purposes. Plaintiffs' tortured Reply arguments confirm they have no colorable claims against any defendant other than Federal.

## I.     *LOCKHART* AND *TOTTY* ARE DISPOSITIVE HERE

The Reply begins by attempting to distinguish *Lockhart v. Fed. Ins. Co.*, No. Civ. A. 96-5330, 1998 WL 151019, at *3 (E.D. Pa. Mar. 30, 1998) and *Totty v. Chubb Corporation*, 455 F. Supp. 2d 376, 380 (W.D. Pa. 2006). Yet these cases are squarely on point. They hold that an insured who admits buying its policy from Federal cannot bring coverage claims against Federal's affiliates—notwithstanding references to "Chubb" in the policy and coverage correspondence—where *"[t]he plain language of the policy categorically identifies Federal as the party which agreed to provide plaintiff with coverage*[]"; it is undisputed *"that the policy was purchased from Federal*[]"; and the affiliates are *"mentioned nowhere in the substantive terms of the contract."* *Lockhart*, 1998 WL 151019, at *3 (emphasis added); *Totty*, 455 F. Supp. 2d at 381. As discussed in Federal's Opposition brief, and not contested in Plaintiff's Reply, each of those circumstances is present here, as established by Plaintiffs' own pleadings.

1

Unable to distinguish either case on its facts, Plaintiffs ask the Court to disregard them because they were decided on summary judgment. Reply at 1-2. Yet no fraudulent joinder precedent supports turning a blind eye to legal principles established in precedential rulings on dispositive motions. Indeed, this Court specifically relied on *Lockhart* to hold, in denying a remand motion on fraudulent joinder grounds, that a plaintiff "assert[ed] no colorable claim against [a non-diverse defendant] for bad faith, as a bad faith claim under 42 Pa. C.S.A. § 8371 *applies only to the insurer that is a party to the contract*[.]" *Murphy v. United Fin. Cas. Co.*, No. 15-4199, 2015 WL 12834347, at *2 (E.D. Pa. Sept. 17, 2015) (citing *Lockhart*, 1998 WL 151019, at *3) (emphasis added). As Defendants' Opposition shows, courts *routinely* find fraudulent joinder under caselaw decided at summary judgment or other stages of litigation. Opp. at 14, n.2 (citing cases).[1]

Contrary to Plaintiffs' argument, *Batoff v. State Farm Ins. Co.*, 977 F.2d 848 (3d Cir. 1992), provides no basis for disregarding this on-point caselaw. Under *Batoff*, claims "are not colorable for purposes of fraudulent joinder[]" if they are "clearly barred as a matter of Pennsylvania law." *Hogan v. Raymond Corp.*, 536 F. App'x 207, 210–11 (3d Cir. 2013); *In re Briscoe*, 448 F.3d 201, 219 (3d Cir. 2006). Accordingly, a contractual claim that is barred due to lack of privity also is not colorable. *Scheerer v. Progressive Advanced Ins. Co., Inc.*, No. CV 13-2919, 2013 WL 12149714, at *2 (E.D. Pa. Aug. 9, 2013) ("Because there is no contract between plaintiff and the individual defendants, the claims of breach of contract against the individual defendants are 'wholly insubstantial and frivolous.'") (quoting *Briscoe*, 448 F.3d at 218).

---

[1] Plaintiffs' related argument, that *Lockhart* entitles them to discovery, Reply at 3, is also baseless. Plaintiffs offer no evidence or allegations other than those which *Lockhart* found insufficient as a matter of law. In any event, as noted in Defendants' Opposition and ignored by the Reply, this Court has relied on *Lockhart* to reject Plaintiffs' theory of affiliate liability not only on summary judgment, but also under Rule 12(b)(6). *Brand v. AXA Equitable Life Ins. Co.*, No. 08-2859, 2008 WL 4279863, at *2 (E.D. Pa. Sept. 16, 2008); *see also* Opp. at 11.

Plaintiffs contend that *Ungarean, DMD v. CNA*, No. GD-20-006544, 2021 WL 1164836, at *1, n.1 (Pa.Com.Pl. Mar. 25, 2021), somehow salvages their claims against Chubb INA Holdings, Inc., and Chubb Group Holdings Inc. (the "Holding Company Defendants"). But *Ungarean* is readily distinguishable. There, both the insurance policy *and* the letter declining coverage for the insured's claim identified *two* different insurance companies, both of which were named as defendants: Valley Forge Insurance Company and CNA. *Id.* The court in that case noted that each defendant is a "property and casualty insurance company." *Id.* at *2-3. Here, by contrast, it is undisputed that, of the three named defendants, only Federal is identified in the Policy and the declination letter, and only Federal is an insurance company. The names of the Holding Company Defendants—which the uncontroverted evidence shows are not insurance companies, ECF Nos. 1-7, ¶ 5; 1-8, ¶ 5—appear nowhere in either the Policy or the declination letter. *Ungarean*, of doubtful precedential value anyway,[2] has no relevance here; *Lockhart* and *Totty* are dispositive.

Plaintiffs fare no better in citing *Chu v. Disability Reinsurance Mgt. Services, Inc.*, 2006 U.S. Dist. LEXIS 61244, at *17-19, 21, 33 (W.D. Pa. 2006), where the plaintiff sued a claims administrator, alleging it acted as the agent of the insurer in denying the claim. Here, Plaintiffs do not allege that the Holding Company Defendants acted as Federal's claims administrator or agent. In any event, *Chu* also is of scant precedential value.[3] Notwithstanding *Chu*, this Court has found

---

[2] This Court treats *Ungarean* as "non-precedential," *Spring House Tavern, Inc. v. Am. Fire & Cas. Co.*, No. 20-2872, 2021 WL 2473939, at *4 (E.D. Pa. June 16, 2021), and has rejected its substantive coverage analysis. *Hair Studio 1208, LLC, v. Hartford Underwriters Ins. Co.*, No. 20-2171, 2021 WL 1945712, at *10, n.11 (E.D. Pa. May 14, 2021); *Chester Cty. Sports Arena v. Cincinnati Specialty Underwriters Ins. Co.*, No. 20-2021, 2021 WL 1200444, at *7 (E.D. Pa. Mar. 30, 2021). Plaintiffs' reliance on the case thus ignores the Third Circuit's warning that "a federal tribunal should be careful to avoid the danger of giving a state court decision a more binding effect than would a court of that state[.]" *Holliday v. Pers. Prod. Co.*, 939 F. Supp. 402, 410 (E.D. Pa. 1996) (quotation omitted), *aff'd*, 114 F.3d 1172 (3d Cir. 1997).

[3] In the fifteen years since *Chu* was decided, it was cited only once, when it was distinguished in *McLaren v. AIG Domestic Claims, Inc.*, 853 F.Supp.2d 499, 508–09 (E.D. Pa. 2012), a case that

3

fraudulent joinder of claims administrators. *See Marston v. Mid-Century Ins. Co.*, No. 17-5471, 2018 WL 10810961, at *1, n.1 (E.D. Pa. May 1, 2018) (collecting cases).

Plaintiffs also attempt to bootstrap their bad faith allegations into a colorable claim against the Holding Company Defendants, relying on *Brown v. Progressive Insurance Company*, 860 A.2d 493 (Pa. Super. 2004). Reply at 6-7. Yet the *only* claim in *Brown* was a statutory bad faith claim under 42 Pa.C.S.A. § 8371. Plaintiffs have asserted no such claim. They have simply made bad faith allegations as part of their breach of contract claims. *See* Compl., Count II. It is elemental that such a claim "may not be maintained as an independent cause of action separate from the breach of contract claim." *CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co.*, 645 F. Supp. 2d 354, 369 (E.D. Pa. 2009). Since Plaintiffs have no breach of contract claim against the Holding Company Defendants, they necessarily have no bad faith claim against them either. In any event, *Brown* held only that a *de facto* analysis may be used to determine which insurance company was the plaintiff's insurer, when the policy does not clearly identify the insurer. Opp. at 16. As already discussed at length, that is not an issue in this case.

## II. PLAINTIFFS' PROPOSED AMENDED COMPLAINT HAS NO BEARING ON REMOVAL

Plaintiffs next contend their mere filing of a "proposed Amended Complaint" as an attachment to their motion to remand somehow makes their claims against the Holding Company Defendants colorable. Reply at 5-6. That is not correct. The Third Circuit has "stated numerous times that, in applying the fraudulent joinder doctrine, 'the district court must focus on the plaintiff's complaint *at the time the petition for removal was filed.*'" *Hogan*, 536 F. App'x at 210–

---

has been held to foreclose the very claim against third-party administrators that *Chu* allowed. *See Three Rivers Hydroponics, LLC v. Florists' Mut. Ins. Co.*, No. 15-00809, 2018 U.S. Dist. LEXIS 20699, at *15-16 (W.D. Pa. Feb. 8, 2018); *Waz v. Allied World Nat'l Assurance*, No. 16-01016-NBF-CRE, 2016 U.S. Dist. LEXIS 125042, at *3 (W.D. Pa. Sep. 13, 2016); *Williams v. Travelers Home & Marine Ins. Co.*, 402 F. Supp. 3d 499, 505 (E.D. Wis. 2019).

4

11 (citations omitted) (emphasis added). In *Hogan*, plaintiff's "complaint at the time of removal contained only personal injury claims against [the non-diverse defendant] that are clearly barred" by Pennsylvania's workers' compensation statute and therefore not colorable. *Id.* Following removal, plaintiff moved to amend his claims against the non-diverse defendant, and the District Court denied the motion. The court declined to reach the question whether the proposed amendment was futile, because for remand purposes "the District Court was not required to consider Hogan's proposed amendment in the first place." *Id.* at *211. The Third Circuit affirmed denial of plaintiff's motion to remand based solely on the original removed complaint. *Id.*

Plaintiffs cite *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3d Cir. 1985), but that case does not allow a plaintiff to defeat removal by offering a post-removal amendment of its complaint. As *Abels* itself states: "*The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal*[.]" *Id.* at 29 (citing *Pullman Company v. Jenkins*, 305 U.S. 534, 537 (1939)) (emphasis added). *Abels* granted review "beyond the face of the complaint for indicia of fraudulent joinder[]" in the unique context of considering whether "fictitiously named defendants"—*i.e.*, "Doe defendants"—"destroy diversity." *Id.* In those circumstances, where the removed complaint adequately pleads claims against the Doe defendants, *Abels* considered post-removal *conduct*—including discovery to identify possible defendants and "a motion to amend the complaint to substitute identified Doe defendant"—to determine whether "a plaintiff actually intends to proceed against Doe defendants." *Id.* at 32-33.

Here, unlike *Abels*, there is no issue as to the identity of the Holding Company Defendants, and the claims against them are not colorable because they are barred as a matter of law for lack of privity. In any event, Plaintiffs here have not actually moved to amend their complaint. Nor

5

have they attempted to explain how any proposed amendments could create a colorable claim against the Holding Company Defendants. Plaintiffs' proposed amendment cannot defeat removal.

Dated: September 30, 2021          Respectfully submitted,

*/s/ David Newmann*

David Newmann (No. 82401)
david.newmann@hoganlovells.com
Jasmeet K. Ahuja (No. 322093)
jasmeet.ahuja@hoganlovells.com
Jason M. Russell (No. 325963)
jason.russell@hoganlovells.com
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4600

*Attorneys for Defendants Federal Insurance Company, Chubb INA Holdings Inc., & Chubb Group Holdings Inc.*

## CERTIFICATE OF SERVICE

I, David Newmann, hereby certify that, on September 30, 2021, I caused the foregoing Sur-Reply In Further Support of Defendants' Opposition to Plaintiffs' Motion to Remand to be electronically filed with the Clerk of the U.S. District Court for the Eastern District of Pennsylvania using the CM/ECF system, which will send notification of such filing to all counsel of record.

_____
David Newmann
