## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**KEYSTONE SPORTS AND
ENTERTAINMENT LLC, *et al*.,**

           **Plaintiffs,**

      v.

**FEDERAL INSURANCE COMPANY, *et
al*.,**

           **Defendants.**

:
:
:
:
:
:
:
:
:
:

**CIVIL ACTION**

**NO. 21-609**

### MEMORANDUM

**TUCKER, J.**                                                        **December 7, 2021**

Presently before the Court is Plaintiffs' Motion to Remand (ECF No. 11), Defendants' Response in Opposition (ECF No. 20), Plaintiffs' Reply (ECF No. 24), and Defendants' Sur-reply (ECF No. 27). The Defendants removed the case to this Court, asserting that Chubb INA Holdings, Inc., and Chubb Group Holdings, Inc. ("the Chubb Defendants") were fraudulently joined to defeat diversity jurisdiction. Plaintiffs now move to remand the case to state court.

Because the Chubb Defendants were fraudulently joined and must be dismissed, diversity jurisdiction exists. Accordingly, we shall deny the Motion to Remand.

### I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs[1] sued Defendants[2] in the Philadelphia County Court of Common Pleas in connection with an insurance coverage dispute. Federal Insurance Company denied Plaintiffs' request for business interruption coverage under their policy with the company ("the Policy").

---

[1] Keystone Sports and Entertainment LLC, FC Pennsylvania Stadium LLC, Pennsylvania Professional Soccer LLC, Rivertown Developers, L.P., and Rivertown, TCI, LP (collectively, "Plaintiffs").
[2] Federal Insurance Company, Chubb INA Holdings, Inc., and Chubb Group Holdings, Inc. (collectively, "Defendants").

1

Not. of Removal, ECF No. 1-A. In Count I of the Complaint, Plaintiffs requested that the court issue a declaratory judgment that the Policy covers the losses identified in their claim. *Id*. In Count II, Plaintiffs alleged that the Policy is a contract that Defendants breached and, in doing so, Defendants violated their duty of good faith and fair dealing. *Id*. The Chubb Defendants and four of the six Plaintiffs[3] are Delaware citizens. Mot. to Remand, ECF No. 11, at 6. The remaining Defendant, Federal Insurance Company, is a citizen of Indiana and New Jersey. Resp. to Mot. to Remand, ECF No. 20, at 8.

Defendants removed this case on the grounds that the Chubb Defendants were fraudulently joined. They assert that: (1) breach of contract and bad faith claims can only be pursued against insurance companies that issue the relevant policy; and (2) in the instant case, the Chubb Defendants are not the insurer, but rather are insurance *holding* companies that operate separately and distinctly from the insurer (i.e., Federal Insurance Company). Plaintiffs move for remand, contending that the Chubb Defendants are properly named in this suit, thus, diversity jurisdiction is destroyed. The Court disagrees.

## II.   LEGAL STANDARDS

Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between [(1)] citizens of different states." Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" Further, civil actions filed in state court may be removed to federal court where subject-matter jurisdiction is satisfied. 28 U.S.C. § 1441(a).

---

[3] Keystone Sports and Entertainment LLC, FC Pennsylvania Stadium LLC, Pennsylvania Professional Soccer LLC, and KSE U2 LLC.

The fraudulent joinder doctrine is an exception to this principle; it permits a defendant to still remove an action if it can establish that a non-diverse defendant was "fraudulently" named or included merely to defeat diversity jurisdiction. *In Re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). The removing party has a "heavy burden of persuasion" in making this showing. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). Where the non-diverse defendant is fraudulently joined, the federal court must dismiss the non-diverse defendant and maintain subject-matter jurisdiction. *Id.* at 16. Alternatively, where the non-diverse defendant is not fraudulently joined, the federal court must remand the case in the absence of complete diversity. 28 U.S.C. § 1447(c).

Joinder is fraudulent where no reasonable factual or "colorable" legal basis exists that supports a plaintiff's claims against a non-diverse defendant, or where a plaintiff has no real intent to pursue the action against said defendant. *Id.* at 216. "'Fraudulent joinder' is a term of art—a demonstration of outright fraud or bad faith is not necessary to render a party fraudulently joined." *Lopez v. Home Depot, Inc.*, No. CIV. A. 08-1020, 2008 WL 2856393, at *2 (E.D. Pa. July 22, 2008).

In examining fraudulent joinder claims, "the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint." *Batoff*, 977 F.2d at 851-52 (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). Still, the court may "look beyond the complaint, but only to the extent that it bears on the threshold jurisdictional inquiry." *Reto v. Liberty Mut. Ins.*, No. CV. A. 18-2483, 2018 WL 3752988, at *2 (E.D. Pa. Aug. 8, 2018) (citing *In re Briscoe*, 448 F.3d at 218).

**III.    DISCUSSION**

To determine whether the Chubb Defendants were fraudulently joined, this Court reviews Plaintiffs' Complaint at the time of removal, record evidence submitted with the Notice of Removal, and the Parties' briefings. The Court agrees that the Chubb Defendants were fraudulently joined, and accordingly, dismisses them from this suit.

Plaintiffs cannot successfully maintain a cause of action for breach of contract against the Chubb Defendants because under Pennsylvania law, contractual privity exists between the insurer and the insured; there is no privity between a related party and the insured in the absence of a separate contract. *See Hudock v. Donegal Mutual Insurance Company*, 264 A.2d 668, 672 (Pa. 1970); *see also Electron Energy Corp. v. Short*, 408 Pa. Super. 597 A.2d 175, 177 (1991) ("it is fundamental to contract law that one cannot be liable for a breach of contract unless one is a party to that contract.").

Still, Plaintiffs posit that the Chubb Defendants *are* indeed their insurance company (or in the alternative, acted as a "de facto insurer"), noting that: (1) the "Chubb" name repeatedly appears throughout their policy documents; (2) the letter notifying Plaintiffs that coverage was denied is on "Chubb" letterhead; and (3) the Chubb Defendants' representatives/adjusters investigated and communicated with them during the claims process. Mot. to Remand, ECF No. 11, at 2. However, a review of case law reveals that this activity still does not make an entity an insurer for the purposes of breach of contract disputes. *See Hudock*, 264 A.2d 668, 672 (holding that claims adjusters have a duty to the insurance company, but no contractual obligation to the policyholder); *see also Brand v. AXA Equitable Life Ins. Co*., No. CIV.A. 08-2859, 2008 WL 4279863, at *2 (E.D. Pa. Sept. 16, 2008) ("it is the general rule that an insured may bring claims for breach of contract and bad faith against the insurer who issued the policy but not against related parties…who are not in privity with the insured").

4

Moreover, that the "Chubb" name appears throughout Plaintiffs' policy documents is immaterial because the plain language of the Policy solely lists Defendant Federal Insurance Company as the insurer. *See Lockhart v. Fed. Ins. Co.,* No. Civ. A. 96-5330, 1998 WL 151019 (E.D. Pa. Mar. 30, 1998) (finding that—even where its name is listed throughout policy documents and on letterhead—a corporation is not liable for breach of contract if the policy's *substantive* terms unambiguously identify another entity as the insurer) (emphasis added); *see also Totty v. Chubb Corp., 455 F.Supp.2d 376* (W.D. Pa. 2006) (same). Here, the "Important Notice to Policy Holders" page states: "Insurance is provided by the Company designated on the Declarations Page of this policy." Not. of Removal, ECF No. 1-A, at 49. Importantly, the corresponding "Declarations" page does not list the Chubb Defendants, rather, it exclusively identifies Federal Insurance Company as the issuer. *Id*. at 61. This exact clause repeatedly appears in the Policy, including on the "Insuring Agreement" page. *Id*. at 54. Further, the Policy explicitly states that where the words "we," "us," and "our" are used throughout the agreement, these words refer to "the company providing the insurance." *Id*. at 74. That company is Federal Insurance Company, not the Chubb Defendants.

Plaintiffs contend that the case at bar is not analogous to *Lockhart* and *Totty*. Reply in Support of Mot. to Remand, ECF No. 24 at 2-3. They, understandably, emphasize that these two cases were decided in response to motions for summary judgment and after time for discovery. *Id*. But as stated above: (1) Pennsylvania contract law unequivocally establishes that policyholders can only hold insurers liable for breach of contract; and (2) the Policy makes clear that the Chubb Defendants are not the insurer in this matter. This is incontrovertible—it neither changes at summary judgment nor after discovery. Even in context of the lower jurisdictional threshold considered in a fraudulent joinder analysis, Plaintiffs possess no "colorable" claim

against the Chubb Defendants; indeed, there is not "even a possibility that a state court would find that the complaint states a cause of action" against the Chubb Defendants. *Batoff*, 977 F.2d at 851 (3d Cir. 1992).[4] Accordingly, the Chubb Defendants were fraudulently (or, more fitting, "inappropriately") joined.

In contrast to *Lockhart* and *Totty*, Plaintiffs argue that this Court should find that the Chubb Defendants are their "de facto insurers" under *Brown v. Progressive Ins. Co.*, 860 A.2d 493 (Pa. Super. 2004). In that case, the Superior Court of Pennsylvania determined that the identity of the plaintiff's insurer was an issue of fact as both defendants' names were listed throughout the policy documents. *Id*. at 498. But *Brown* is distinguishable—the court applied a "de facto insurer" test because the disputed policy in that case "did not provide any guidance on how to determine who is the insurer (e.g., "look to the upper left corner of the declarations page.")."[5] In the present matter, the Policy does what would have constituted guidance to the *Brown* court; it explicitly instructs Plaintiffs to review the Declarations page to identify their insurer. Not. of Removal, ECF No. 1-A, at 49. Therefore, this Court declines to apply the "de facto insurer" test that is set out in *Brown*.

Furthermore, Plaintiffs argue that this Court should apply the judicial estoppel doctrine to prevent the Chubb Defendants from claiming that they are not insurers. Mot. to Remand, ECF No. 11, at 8. We will not do so. Plaintiffs aver that the Chubb Defendants' representations about their identity in the current matter and in *Chubb INA Holdings Inc. et al. v. Chang*, No. 16-2354-BRM-DEA, 2017 WL 499682, (D.N.J. Feb. 17, 2017) are inconsistent. While the Chubb

---

[4] *See also Hogan v. Raymond Corp.*, 536 Fed.Appx. 207, 211 (3d Cir. 2013) (finding that the plaintiff did not make a "colorable" personal injury claim against a defendant because the claim was "clearly barred as a matter of Pennsylvania law.").
[5] Plaintiffs also rely on *Barry v. Ohio Cas. Grp.*, 2007 WL 128878 (W.D. Pa. Jan. 12, 2007) to assert that this Court should apply the de facto insurer test. However, like *Brown*, the *Barry* court applied this test due to the absence of clear evidence in the Policy indicating the true insurer's identity.

Defendants maintain that they are not an insurer in this action, Plaintiffs highlight that in the *Chang* litigation, Defendants Chubb INA Holdings, Inc. and Federal Insurance Company stated that they, together, "provide insurance." Mot. to Remand, ECF No. 11, at 9. But the doctrine of judicial estoppel first requires that the party to be estopped have taken "two positions that are *irreconcilably* inconsistent." (emphasis added). *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 779 (3d Cir. 2001). It is plausible that Chubb INA Holdings, Inc. partly issued the *Chang* policy, but did not perform in the same capacity for Plaintiffs' Policy—that they are omitted from the Policy's express insurer-identification language indicates as much. For the purposes of *this* action, the Chubb Defendants are not Plaintiffs' insurer.

We also reject Plaintiffs' bad faith and declaratory judgment claims for the same reasons discussed above. 42 Pa.C.S.A. § 8371 is Pennsylvania's bad faith statute on insurance policies. But the statute specifically provides relief for bad faith actions that "the insurer" has taken. *See, e.g.*, *Reto*, 2018 WL 3752988, at *2 (declining to uphold a bad faith cause of action against a claims representative because the representative was not in contractual privity with the policyholder); *Peer v. Minnesota Mut. Fire & Cas. Co*., CIV. A. 93-2338, 1993 WL 533283 (E.D. Pa. Dec. 23, 1993) (finding that the bad faith statute does not apply to insurance adjusters). Further, contrary to Plaintiffs' assertions, *SWB Yankees, LLC v. CNA Fin. Corp.*, 2020 WL 5848375 (M.D. Pa. Oct. 1, 2020) is not controlling. In that case, the federal court refused to determine that a Pennsylvania court would find plaintiff's petition for declaratory relief to be "wholly insubstantial and frivolous." *SWB Yankees*, 2020 WL 5848375 at *3. However, it reached this conclusion because there was a "serious factual disagreement" about a defendant's role in the matter. *Id*. That does not exist here. Finally, since the Chubb Defendants were not properly joined, we will not consider Plaintiffs' "forum defendant" argument.

7

**IV.     CONCLUSION**

Given the "fraudulent joinder" of the Chubb Defendants, Plaintiffs' Motion to Remand is

**DENIED**. Chubb INA Holdings, Inc., and Chubb Group Holdings, Inc. are **DISMISSED**

**WITHOUT PREJUDICE**.

An appropriate order follows.


**BY THE COURT**:

**/s/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, U.S.D.J.**