UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEYSTONE SPORTS AND ENTERTAINMENT LLC,** *et al.*<br><br>*Plaintiffs,*<br>**v.**<br><br>**FEDERAL INSURANCE COMPANY**<br>*Defendant.* | No. 2:21-cv-00609-PBT<br>**JURY TRIAL DEMANDED** |

### PLAINTIFFS' FIRST NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER OPPOSITION TO DEFENDANT'S 12(b)(6) MOTION TO DISMISS

Plaintiffs Keystone Sports and Entertainment LLC, et al., by and through their undersigned counsel, respectfully submit this First Notice of Supplemental Authority in Further Opposition to Defendant Federal Insurance Company's ("Federal") Motion to Dismiss (ECF No. 35).

This notice alerts the Court to *Cajun Conti, LLC et al. v. Certain Underwriters at Lloyds, London,* et al., No. 2021-CA-0343, 2022 WL 2154863 La. Ct. App., 4th Cir. June 15, 2022). This recent decision of the Court of Appeal of Louisiana, Fourth Circuit, reversed the ruling of the Civil District Court, Orleans Parish, Louisiana. The Court of Appeal held that coverage exists for loss or damage caused by "direct physical loss of or damage to" the appellant insured's premises as a result of contamination by COVID-19. *Id.* at *8. The Court of Appeal specifically concluded that "the trial court committed legal error in finding that the insurance policy was not ambiguous" and "abused its discretion in denying the declaratory judgment." *Id.*

Notably, the Court of Appeal relied upon *Port Authority of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 235-36 (3d Cir. 2002) for the proposition that "physical loss or damage" exists when disease-causing agents with a tangible physical form, but which are nevertheless not discernable with the naked human eye, contaminate and invade the insured property such that it is

uninhabitable or there is an immediate threat of the release of a contaminant that would cause a loss of utility. *Id.* at *5. Thus, *Port Authority* assisted the Court of Appeal in concluding that physical presence of viral particles necessitated diminished capacity, constant decontamination efforts and a slowdown of business that triggered coverage. *Id.* The Court of Appeal also found the terms "period of restoration," "repair," and "loss," none of which were defined by the insurer, to be ambiguous. *Id.* at *7. These findings further led the Court of Appeal to construe the terms against the insurer and in favor of coverage. *Id.*

Dated: June 30, 2022

                                            Respectfully Submitted,

                                             /s/ *Jeffrey P. Goodman*
                                            Robert J. Mongeluzzi; ID No. 36283
                                            Jeffrey P. Goodman; ID No. 309433
                                            Marni S. Berger; ID No. 309303
                                            Samuel B. Dordick; ID No. 322647
                                            **SALTZ MONGELUZZI &**
                                            **BENDESKY P.C.**
                                            One Liberty Place
                                            1650 Market Street, 52nd Floor
                                            Philadelphia, PA 19103
                                            Telephone: 215-496-8282
                                            rmongeluzzi@smbb.com
                                            jgoodman@smbb.com
                                            mberger@smbb.com
                                            sdordick@smbb.com

                                            Adam J. Levitt
                                            Mark Hamill*
                                            **DICELLO LEVITT GUTZLER LLC**
                                            Ten North Dearborn Street, Sixth Floor
                                            Chicago, Illinois 60602
                                            Telephone:  312-214-7900
                                            alevitt@dicellolevitt.com
                                            mhamill@dicellolevitt.com

        Mark A. DiCello\*
Kenneth P. Abbarno\*
Mark Abramowitz\*
**DICELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Mentor, Ohio 44060
Telephone:  440-953-88
madicello@dicellolevitt.com
kabbarno@dicellolevitt.com
mabramowitz@dicellolevitt.com
Mark Lanier\*

**THE LANIER LAW FIRM PC**
10940 West Sam Houston Parkway North
Suite 100
Houston, Texas 77064
Telephone:  713-659-5200
WML@lanierlawfirm.com

Timothy W. Burns\*
**BURNS BOWEN BAIR LLP**
One South Pinckney Street, Suite 930
Madison, Wisconsin 53703
Telephone: 608-286-2302
tburns@bbblawllp.com

Douglas Daniels\*
**DANIELS & TREDENNICK**
6363 Woodway, Suite 700
Houston, Texas 77057
Telephone:  713-917-0024
douglas.daniels@dtlawyers.com

\*Applications for admission *pro hac vice* to be filed.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that is on this 30th day of June 2022, I electronically filed the foregoing Plaintiffs' First Notice of Supplemental Authority in Further Opposition to Defendant's Motion to Dismiss with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

Dated: June 30, 2022                    */s/ Jeffrey P. Goodman*_____
                                         Jeffrey P. Goodman
                                         **SALTZ MONGELUZZI & BENDESKY P.C.**
                                         One Liberty Place
                                         1650 Market Street, 52nd Floor
                                         Philadelphia, Pennsylvania 19103
                                         Tel: (215) 496-8282
                                         jgoodman@smbb.com