IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEYSTONE SPORTS AND ENTERTAINMENT LLC,** *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> **FEDERAL INSURANCE COMPANY** <br><br> *Defendant.* | No. 2:21-cv-00609-JRP |

<u>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY LITIGATION PENDING RESOLUTION OF A CONTROLLING RULING FROM THE SUPREME COURT OF PENNSYLVANIA**</u>

i

**TABLE OF CONTENTS**

I. INTRODUCTION…………………………………………………………………………1
II. RELEVANT PROCEDURAL AND FACTUAL HISTORY………………………….....2
III. LEGAL STANDARD…………………………………………………………………...4
IV. THE COURT SHOULD STAY THIS MATTER PENDING THE OUTCOME OF A CONTROLLING RULING FROM THE SUPREME COURT OF PENNSYLANIA ON THE SAME LEGAL ISSUES……………………………………………………………………6
A. This Matter Should Be Stayed in the Interests of Comity and to Prevent Forum Shopping…6
B. A Stay Is the Most Efficient Course of Action and Would Preserve Judicial Resources Without Causing Undue Delay or Prejudice………………………………………………7
V. CONCLUSION ................................................................................................................ 8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Airgas, Inc. v. Cravath, Swaine & Moore, LLP*,
    Civ. A. No. 10-612, 2010 WL 624955 (E.D. Pa. Feb. 22, 2010) ...............................................5

*Arden Grp. v. American Guar. & Liab. Ins. Co.*,
    No. 01508 (Pa. Ct. Com. Pl. Apr. 29, 2022) ..............................................................................4

*Asplundh Tree Expert Co. v. Pacific Employers Ins. Co.*,
    1991 WL 147461 (E.D. Pa. July 25, 1991) ................................................................................6

*Bechtel Corp v. Local 215, Laborers' Int'l Union of N.A., AFL-CIO*,
    544 F.2d 1207 (3d Cir. 1976) .....................................................................................................4

*Brandywine Realty Trust v. Zurich American Guar.& Liab. Ins. Co.*,
    No. 00618 (Pa. Ct. Com. Pl. Apr. 28, 2021) ..............................................................................4

*Brown's Gym, Inc. v. Cincinnati Ins. Co.*,
    No. 20-CV-3113, 2021 WL 3036545 (Pa.Com.Pl. July 13, 2021) .............................................3

*Ciccarelli v. Carey Canadian Mines Ltd.*,
    757 F.2d 547 (3d Cir. 1985) .......................................................................................................7

*Cost Bros., Inc. v. Travelers Indem. Co.*,
    760 F.2d 58 (3d Cir 1985) ..........................................................................................................5

*Destination Maternity Corp. v. Target Corp.*,
    12 F.Supp.3d 762 (E.D. Pa. Mar. 24, 2014) ..............................................................................5

*MacMiles, LLC v. Erie Ins. Exch.*,
    No. GD-20-7752, 2021 WL 3079941 (Pa. Ct. Com. Pl. May 25, 2021)
    (*appeal pending*) .......................................................................................................................4

*McKenna v. Ortho Pharm. Corp.*,
    622 F.2d 657 (3d Cir. 1980) .......................................................................................................8

*MEI, Inc. v. JCM Am. Corp.*,
    No. 09-351, 2009 WL 3334866 (D.N.J. Oct. 15, 2009) .............................................................6

*Nelson v. State Farm Mut. Auto Ins. Co.*,
    988 F.Supp. 527 (E.D. Pa. Dec. 12, 1997) .................................................................................7

*Packard v. Provident Nat. Bank*,
    994 F.2d 1039 (3d Cir. 1993) .....................................................................................................7

*Penn Nat'l Gaming, Inc. et al. v. Zurich Am. Ins. Co. et al.*,
　No. 200801187 (Pa. Ct. Com. Pl. Dec. 8, 2021)..................................................................4

*Stokes v. Real Page, Inc.*,
　No. 15-1520, 2016 WL 9711699 (E.D. Pa. Jan. 25, 2016).......................................................5

*SWB Yankees, LLC v. CNA Fin. Corp. et al.*,
　No. 20-CV-2155, 2021 WL 3468995 (Pa. Ct. Com. Pl. Aug. 4, 2021)
　(*appeal pending*) ...............................................................................................................2, 4

*Taps & Bourbon on Terrace, LLC v. Certain Underwriters at Lloyds London*,
　No. 00375, 2020 WL 6380449 (Pa. Ct. Com. Pl. Oct. 26, 2020) ............................................4

*Ungarean, DMD v. CNA*,
　No. GD-20-006544, 2021 WL 1164836 (Pa. Com. Pl. Mar. 25, 2021).....................................4

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)....................................................................................................................2

Dolores K. Sloviter, *A Federal Judge Views Diversity Jurisdiction Through the
　Lens of Federalism*, 78 Va. L.Rev. 1672 (1992) .......................................................................7

Plaintiffs, Keystone Sports and Entertainment LLC, FC Pennsylvania Stadium LLC, Pennsylvania Professional Soccer LLC, Rivertown Developers, L.P., Rivertown TCI, L.P., and KSE U2 LLC, by and through their undersigned counsel, hereby move this Court to stay this litigation pending resolution of a controlling ruling from the Supreme Court of Pennsylvania and in support thereof set forth the following.

I.   **INTRODUCTION**

Plaintiffs brought this action for declaratory judgment, breach of contract and breach of the implied duty of good faith and fair dealing against Defendant Federal Insurance Company (hereinafter "Defendant" or Federal") regarding the insurance coverage available under an all-risk commercial property policy of insurance, Customarq Series Customarq Classic Insurance Program Policy Number 3594-16-31 PHL (the Policy"), for the business interruption losses they incurred as a result of the COVID-19 pandemic. Federal disputes coverage. Plaintiffs bring the instant Motion to Stay this matter pending a controlling ruling from the Supreme Court of Pennsylvania on the threshold legal issues at the heart of this case. As set forth more particularly below, given that neither the Supreme Court of Pennsylvania nor the United States Court of Appeals for the Third Circuit has offered guidance on the critical issues surrounding COVID-19 business interruption coverage pending before the Court, discovery has not yet commenced, and a trial date has not yet been set, the proposed stay would not prejudice the non-moving party (Defendant Federal). Plaintiffs, however, would face the substantial hardship of potentially being forced to pursue an appeal that is both potentially lengthy and costly due to the lack of guidance from the Supreme Court of Pennsylvania. Granting the stay would not only be the most sensible and fundamentally fair course of action, but would also further the interests of judicial economy, efficiency, and comity.

1

## II.        RELEVANT PROCEDURAL AND FACTUAL HISTORY

Plaintiffs filed the operative First Amended Complaint ("FAC") on March 3, 2022 (ECF No. 32). Thereafter, the Court stayed discovery in this matter pending resolution of Federal's then-forthcoming Motion to Dismiss (ECF. No. 34). Federal then filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on April 4, 2022 (ECF No. 35). Plaintiffs, in turn, opposed the motion on May 2, 2022 (ECF No. 38). Federal sought leave to file a Reply in Further Support of its Motion to Dismiss on May 6, 2022, and, with leave of Court and the consent of counsel for Plaintiffs, filed said Reply on July 18, 200 (ECF No. 41).

At present, *Timothy A. Ungarean,* DMD, v. *CNA et al.*, Case Number 490 WDA 2021, and *MacMiles LLC dba Grant Street Tavern v. Erie Insurance Exchange*, Case Number 1100 WDA 2021., are on appeal, *en banc*, to the Superior Court of Pennsylvania. The appellate briefing is closed, and argument was held on April 21, 2022. It is anticipated that the non-prevailing party in these two consolidated matters will appeal to the Supreme Court of Pennsylvania. The Supreme Court of Pennsylvania has not yet spoken on the critical issues pending before the Court, including whether the presence of COVID-19 on the surfaces, or the ambient air of the covered properties, constitutes direct physical loss or damage to covered property. At the same time, fourteen different COVID-19 business interruption matters are consolidated on appeal to the U.S. Court of Appeals for the Third Circuit in the matters of:  *1 S.A.N.T. Inc. v. Berkshire Hathaway et al.*, case number 21-1109; *Rhonda Wilson et al. v. USI Insurance Services LLC*, case number 20-3124; *LH Dining LLC v. Admiral Indem. Co.*, case no. 21-1038; *Newchops Rest. Comcast LLC v. Admiral Indem. Co.*, case no. 21-1039; *Adrian Moody et al v. Hartford Financial Services Group, Inc.*, case number 21-1106; *ATCM Optical Inc. et al. v. Twin City Fire Ins. Co.*, case number 21-1107; *Independence Rest. Grp. LLC v. Certain Underwriters at Lloyd's of London*, case number 21-1175; *Ultimate

*Hearing Solutions Li LLC v. Hartford Underwriters Ins. Co.*, case number 21-1240; *Whiskey Flats Inc. v. Axis Ins. Co.*, case no. 21-1294; *Toppers Salon & Health Spa Inc. v. Travelers Prop. Cas. Co.*, No. 20-3501; and *4431 Inc. v. Cincinnati Ins. Cos.*, No. 20-3594. Three other matters governed by New Jersey law are consolidated on appeal as well (*Boulevard Carroll Entertainment Grp. Inc. v. Fireman's Fund Ins. Co.*, No. 21-1061; *The Eye Care Center of NJ PA v. Twin City Fire Ins. Co.*, No. 21-1315, and *In the Park Savoy Caterers LLC v. Selective Ins. Grp. Inc.*, No. 21-1414).

While this Court and other federal district courts have granted dispositive motions filed by defendants in COVID-19 business interruption matters, primarily in instances where the insured argued the inability the insured premises due to government closure orders or a virus exclusion was at issue, Pennsylvania state courts have permitted COVID-19 business interruption matters to proceed. *See e.g.*, *Brown's Gym, Inc. v. Cincinnati Ins. Co.*, No. 20-CV-3113, 2021 WL 3036545, at *8-*15 (Pa.Com.Pl. July 13, 2021)(COVID-19 could constitute "physical loss or damage" in the same way invisible sources such as ammonia, fumes, e-coli bacteria, carbon monoxide, gas vapors, led intrusion, odor from cat urine, or methamphetamine cooking, made covered premises unusable, unsafe, or unfit for its intended use); *SWB Yankees, LLC v. CNA Fin. Corp. et al.*, No. 20-CV-2155, 2021 WL 3468995, at *2 (Pa. Ct. Com. Pl. Aug. 4, 2021) (*appeal pending*) (averments regarding the continued presence of COVID-19 that renders the property "unsafe" and "unfit for its intended use" also sufficiently alleged physical loss or damage); *MacMiles, LLC v. Erie Ins. Exch.*, No. GD-20-7752, 2021 WL 3079941, at *6 (Pa. Ct. Com. Pl. May 25, 2021) (*appeal pending*)("[t]he spread of COVID-19, and a desired limitation of the same, had a close logical, causal and/or consequential relationship to the ways in which the plaintiff materially utilized its property and physical space"); *Ungarean*, *DMD v. CNA*, No. GD-20-006544, 2021 WL

3

1164836, at *7 (Pa. Com. Pl. Mar. 25, 2021) (finding plaintiff's economic losses to be secondary to the physical ones). *See also Arden Grp. v. American Guar. & Liab. Ins. Co.*, No. 01508 (Pa. Ct. Com. Pl. Apr. 29, 2022) (**Exhibit "A"** hereto); *Brandywine Realty Trust v. Zurich American Guar.& Liab. Ins. Co.*, No. 00618 (Pa. Ct. Com. Pl. Apr. 28, 2021) (**Exhibit "B"** hereto); *Penn Nat'l Gaming, Inc. et al. v. Zurich Am. Ins. Co. et al.*, No. 200801187 (Pa. Ct. Com. Pl. Dec. 8, 2021) (ECF Doc. No.38-2); *Taps & Bourbon on Terrace, LLC v. Certain Underwriters at Lloyds London*, No. 00375, 2020 WL 6380449 (Pa. Ct. Com. Pl. Oct. 26, 2020). Given the clear discrepancy between federal and state courts on the issues pending before the Court, as well as the novelty and importance of the issues raised in this particular case regarding the ability of COVID-19 to saturate the covered properties and air therein and thereby cause direct physical loss or damage, it would benefit both the Court and the litigants to stay the proceedings pending a pronouncement by the State's highest court. Without any form of controlling appellate guidance at either the state or federal level, a stay would enable this Honorable Court to refrain from making an "*Erie* guess" as to what the Pennsylvania Supreme Court might do considering the conflicting authority rendered to date.

### III.      LEGAL STANDARD

Plaintiffs seek a stay of this litigation pending the resolution of the Supreme Court of Pennsylvania's ruling on the consolidated appeal. United States District Courts have broad power to stay proceedings. *Bechtel Corp v. Local 215, Laborers' Int'l Union of N.A., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976). "In the exercise if its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Id.* The decision whether to grant a stay is within the district court's discretion because "it

is a matter of the court's inherent power to conserve judicial resources by controlling its own docket." *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir 1985).

"In determining whether to stay an action under its inherent authority, a court must weigh the competing interests of and possible harms to the parties." *Stokes v. Real Page, Inc.*, No. 15-1520, 2016 WL 9711699 at *1, n.1 (E.D. Pa. Jan. 25, 2016) (citing *Dimensional Music Publ'h, LLC v. Kersey*, 558 F. Supp. 2d 643, 655 (E.D. Pa. 2006)). Factors relevant to the Court's determination include: "whether the proposed stay would prejudice the nonmoving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and whether granting the stay would further the interest of judicial economy." *Airgas, Inc. v. Cravath, Swaine & Moore, LLP*, Civ. A. No. 10-612, 2010 WL 624955, at *3 (E.D. Pa. Feb. 22, 2010)). While a stay presents a risk of delaying final resolution of a dispute, the mere potential for delay is insufficient to establish undue prejudice. *Destination Maternity Corp. v. Target Corp.*, 12 F.Supp.3d 762 (E.D. Pa. Mar. 24, 2014) (internal citation omitted). Courts also consider whether discovery is complete, and a trial date has been set. *Id.* at 770.

Courts are likely to grant a stay when a case is in an early stage of litigation as doing so advances judicial efficiency. *Id.* Where the stay sought is requested pending resolution of purportedly related litigation, courts consider whether resolution of the related litigation would substantially impact or otherwise render the present action moot. *See Bechtel, supra*. See also Rodgers v. U.S. Steel Corp., 508 F.2d 152, 162 (3d Cir. 1976) ("The district court has inherent discretionary authority to stay proceedings pending litigation in another court."). *See also MEI, Inc. v. JCM Am. Corp.*, No. 09-351, 2009 WL 3334866, at *4 (D.N.J. Oct. 15, 2009) ("A stay is particularly appropriate, and within the court's 'sound discretion,' where the outcome of another

case may 'substantially affect' or 'be dispositive of the issues' in a case pending before a district court.").

    IV.      **THE COURT SHOULD STAY THIS MATTER PENDING THE OUTCOME OF A CONTROLLING RULING FROM THE SUPREME COURT OF PENNSYLANIA ON THE SAME LEGAL ISSUES**

        **A. This Matter Should Be Stayed in the Interests of Comity and to Prevent Forum Shopping.**

The issue of whether the physical presence of the Coronavirus or COVID-19 in the indoor air of the property damages the property or causes loss, either in whole or in part, of the functional use of the property equates to direct physical loss or damage is particularly novel. As the state appellate courts are imminently going to weigh in on the issue, a temporary stay through disposition by the Supreme Court of Pennsylvania would promote comity and judicial federalism between this Court and the Pennsylvania appellate courts expected to rule on the issue. At a minimum, this Court should ascertain how the Superior Court will rule on this issue before making an *Erie* guess.

"The Commonwealth of Pennsylvania certainly has a compelling interest in regulating the conduct of insurers operating in Pennsylvania and contracting with its citizens." *Asplundh Tree Expert Co. v. Pacific Employers Ins. Co.*, 1991 WL 147461, at *7 (E.D. Pa. July 25, 1991). Where, as here, the highest court of a state has not addressed an issue of law, a federal court sitting in diversity is required to predict how the court would decide the issue. *Nelson v. State Farm Mut. Auto Ins. Co.*, 988 F.Supp. 527, 529 (E.D. Pa. Dec. 12, 1997) (citing *Erie R.R. Co. v. Tomppkins*, 304 U.S. 62 (1938); *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)). "In carrying out that task, a federal court must 'must consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand.'" *Packard*, 994 F.2d. at

1046. The considerations of the federal court sitting in diversity should also include decisions of state intermediate appellate courts as well as other state courts on the issues. *Ciccarelli v. Carey Canadian Mines Ltd.*, 757 F.2d 547, 553, n.3 (3d Cir. 1985) (internal citations omitted). To this end, this Court has recognized that "*Erie* predictions are perilous business" because federal predictions of state supreme court rulings have the potential to be incorrect. *See Nelson*, 988 F. Supp. At 529, n. 5 (citing Dolores K. Sloviter, *A Federal Judge Views Diversity Jurisdiction Through the Lens of Federalism*, 78 Va. L.Rev. 1671, 1679-81, n. 53 (1992)).

Here, the stay requested by Plaintiffs is warranted because the insurance coverage issues are not only novel but carry significant import to Pennsylvania policyholders at large. Given that state appellate rulings are one of the items under *Ciccarelli,* 757 F.2d at 554, n.3, to be considered in assessing whether to exercise discretion to initiate a stay, it would be more than reasonable to temporarily stay the proceedings until such guidance is available. The potential for inconsistent rulings is another related reason the temporary stay pending a definitively controlling ruling is the rational and sensible way of proceeding. The possibility of inconsistent rulings is certainly plausible given the divide in authority rendered to date at the federal and state trial court levels.

### B. A Stay Is the Most Efficient Course of Action and Would Preserve Judicial Resources Without Causing Undue Delay or Prejudice.

A temporary stay would provide meaningful guidance to the Court and parties on how the Supreme Court of Pennsylvania will rule and would neither unduly delay the current proceedings nor unfairly prejudice Defendant Federal. This is the case because any decision rendered by this Court would not have a binding effect until the Supreme Court of Pennsylvania has an opportunity to weigh in. *See McKenna v. Ortho Pharm. Corp.*, 622 F.2d 657, 661-62 (3d Cir. 1980) ("when, as here, the highest state court has not yet authoritatively addressed the critical issue our disposition of such cases must be governed by a prediction of how the state's highest court would decide were

it confronted with the problem." "Such decisions should be accorded 'proper regard' of course, but not conclusive effect.'"). A decision by the Supreme Court of Pennsylvania would however resolve the issues by providing finality and enabling the Court to refrain from making a potentially inaccurate guess as to how the Supreme Court of Pennsylvania will rule. Along with ensuring a binding and applicable ruling, a stay would also make any potential appeal of a judgment reached prior to an appellate court ruling or any post-appellate filings unnecessary and therefore preserve costs and judicial resources. While it is anticipated that Federal will take the position that the Court is currently equipped to decide the issues raised, Defendant Federal will suffer no hardship by the temporary stay requested. Without a ruling, however, from the Supreme Court of Pennsylvania, Plaintiffs would be potentially forced to grapple with potential fairness and inefficiency concerns as they wait for a final dispositive appellate ruling on the coverage issues raised in the FAC.

## V.       CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant their Motion to stay this action pending a controlling ruling from The Supreme Court of Pennsylvania as to the threshold issues raised in Defendant Federal's R. 12(b)(6) Motion to Dismiss.

Date: August 10, 2022    Respectfully submitted,

/s/ Marni S. Berger
Robert J. Mongeluzzi; ID No. 36283
Jeffrey P. Goodman; ID No. 309433
Marni S. Berger; ID No. 309303
Samuel B. Dordick; ID No. 322647
**SALTZ MONGELUZZI & BENDESKY P.C.**
One Liberty Place
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: 215-496-8282
rmongeluzzi@smbb.com
jgoodman@smbb.com
mberger@smbb.com
sdordick@smbb.com

Adam J. Levitt
Mark Hamill*
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com
mhamill@dicellolevitt.com

Mark A. DiCello*
Kenneth P. Abbarno*
Mark Abramowitz*
**DICELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Mentor, Ohio 44060
Telephone:  440-953-88
madicello@dicellolevitt.com
kabbarno@dicellolevitt.com
mabramowitz@dicellolevitt.com

        Mark Lanier*
        **THE LANIER LAW FIRM PC**
        10940 West Sam Houston Parkway North
        Suite 100
        Houston, Texas 77064
        Telephone:  713-659-5200
        WML@lanierlawfirm.com

        Timothy W. Burns*
        **BURNS BOWEN BAIR LLP**
        One South Pinckney Street, Suite 930
        Madison, Wisconsin 53703
        Telephone: 608-286-2302
        tburns@bbblawllp.com

        Douglas Daniels*
        **DANIELS & TREDENNICK**
        6363 Woodway, Suite 700
        Houston, Texas 77057
        Telephone:  713-917-0024
        douglas.daniels@dtlawyers.com

*Applications for admission *pro hac vice* to be filed.

## CERTIFICATE OF SERVICE

I, Marni S. Berger, hereby certify that on this 10th day of August 2022, a true and correct copy of the foregoing Memorandum of Law in Support of Motion to Stay Litigation Pending Resolution of a Controlling Ruling from the Supreme Court of Pennsylvania was filed electronically via the ECF filing system and was served electronically on all counsel of record.

/s/ *Marni S. Berger*