IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEYSTONE SPORTS AND ENTERTAINMENT LLC, ET AL. | : : : | CIVIL ACTION |
| v. | : : | |
| FEDERAL INSURANCE COMPANY | : | NO.  21-609 |

# ORDER

**AND NOW**, this 24th day of August, 2022, upon consideration of Plaintiffs' "Motion to Stay Litigation Pending Resolution of a Controlling Ruling from the Supreme Court of Pennsylvania" (Docket No. 44) and Defendant's opposition thereto, **IT IS HEREBY ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Motion is **GRANTED** insofar as it seeks a stay of this litigation, but **DENIED** insofar as it requests that the stay continue until the Pennsylvania Supreme Court issues a controlling ruling.[1]

---

[1] A critical disputed issue in this case is whether the presence of COVID-19 on the surfaces or in the ambient air of a covered property constitutes "direct physical loss or damage" to the covered property, such that Plaintiffs could obtain insurance coverage for business-interruption losses.  There are currently two consolidated cases that are pending before the en banc Superior Court of Pennsylvania and are expected to result in an opinion pertinent to this very issue.  See Ungarean v. CNA, 490 WDA 2021 (Pa. Super.); MacMiles, LLC v. Erie Ins. Exch., 1100 WDA 2021 (Pa. Super.).  At the same time, the United States Court of Appeals for the Third Circuit has consolidated for disposition fourteen appeals that involve insurance coverage for COVID-19 business-interruption losses.  See Wilson v. USI Ins. Servs. LLC, No. 20-3124 (3d Cir.)  Plaintiffs ask that we stay this case pending a definitive ruling by the Pennsylvania Supreme Court on the availability of insurance coverage for business-interruption losses caused by the COVID-19 pandemic, stating that they expect the losing parties in the Pennsylvania Superior Court cases to appeal and that the Pennsylvania Supreme Court will eventually resolve critical issues regarding the availability of such coverage.  Defendant opposes the requested stay, arguing, inter alia, that "Plaintiffs' request is a blatant delay tactic, designed to prevent this Court from exercising its jurisdiction in favor of some possible future ruling that will likely never come to pass."   (Def.'s Opp. to Pls.' Mot. to Stay, at 1.)

We have "broad power to stay proceedings" and may do so "to abide the outcome of another [case] which may substantially affect it or be dispositive of the issues." Bechtel Corp. v.

2. This matter is instead **STAYED** pending the United States Court of Appeals for the Third Circuit's resolution of the fourteen appeals consolidated under the lead case of Wilson v. USI Insurance Services LLC, No. 20-3124 (3d Cir.).

3. The Clerk of Court shall mark this action **CLOSED** for statistical purposes and shall place the case in the Civil Suspense File.

4. Within fourteen days of the Third Circuit's decision in the above-referenced consolidated appeals, the parties shall provide the Court with a status report addressing the impact of the Third Circuit's decision on the Defendant's Motion to Dismiss that has been filed in this case.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.

---

Local 215, Laborers' Int'l Union of N. Am., 544 F.2d 1207, 1215 (3d Cir. 1976).  While we agree with Defendant that a stay pending a ruling by the Pennsylvania Supreme Court is unwarranted when there is no case currently pending before that court, we conclude that it is in the interest of judicial economy to stay this case pending the Third Circuit's ruling on the fourteen consolidated appeals.  The Third Circuit has scheduled argument in those consolidated appeals for September 22, 2022, and has stayed "all other similar appeals involving insurance coverage for business-interruption losses caused by the COVID-19 pandemic."  Wilson, No. 20-3124 (3d Cir. Apr. 6. 2021).  We will therefore similarly stay this case pending resolution of the consolidated appeals before the Third Circuit.