IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEYSTONE SPORTS AND ENTERTAINMENT LLC,** *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> **FEDERAL INSURANCE COMPANY** <br><br> *Defendant*. | No. 2:21-cv-00609-JRP <br><br> **NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S PENDING MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

## NOTICE OF SUPPLEMENTAL AUTHORITY

As supplemental authority in support of its Motion to Dismiss, Defendant Federal Insurance Company ("Federal") respectfully submits the following opinions, which were decided after Federal filed its Reply in Support of its Motion to Dismiss and after the Third Circuit issued its precedential decision in *Wilson v. USI Insurance Services*, *LLC*, 57 F.4th 131 (3d Cir. 2023) ("*Wilson*"): *Fegley Management & Energy, LLC et al. v. The Cincinnati Insurance Co.*, No. 20-4652, 2023 WL 2364726, at *1 (E.D. Pa. Mar. 1, 2023) (Smith, J.), attached hereto as **Exhibit A**, and *Goodman Management LLC v. Zurich American Insurance Co.*, No. 22-243, 2023 WL 2351696, at *1 (E.D. Pa. Mar. 3, 2023) (Sanchez, C.J.), attached hereto as **Exhibit B**.

*Fegley Management* addresses Plaintiffs' argument that "*Wilson* is not dispositive of the issues" here because "the properties of the appellants in *Wilson* were not subject to the same actual and ongoing imminent risks posed by COVID-19 that Plaintiffs' Covered Properties were." ECF No. 47 at 5. Like Plaintiffs here, the plaintiffs in *Fegley Management* "contend that by pleading the physical presence of COVID-19, their case is distinguishable from *Wilson*." 2023 WL

2364726, at *1.  Judge Edward Smith rejected the *Fegley* plaintiffs' physical presence theory, finding *Wilson* to be "indistinguishable" and their arguments "unavailing." *Id.*  Relying on *Wilson*, the Court held that "there is no physical loss until the substance is in such form or quantity as to make the building unusable," *id.* (citing *Wilson*, 57 F.4th at 145 (internal quotation omitted))—and it was neither unusable in *Fegley* nor here, when Plaintiffs acknowledge they were able to reopen Subaru Park as the closure orders were lifted.  ECF No. 32 ¶¶ 80–97.

Likewise, *Goodman Management* is relevant to Plaintiffs' argument that *Wilson* failed to consider "remediation efforts [that] had to be taken to remove the disease and restore the Covered Properties to their functional state." ECF No. 47 at 6.  Plaintiffs here point to "numerous physical and/or structural alterations to Subaru Park and the Insured Locations including the repurposing of the locker rooms, suites, and press boxes, the implementation of hands-free operations and installation of sanitizing areas" to establish that the "functionality" of their properties was "utterly eviscerated." *Id.* at 4, 5.  Similarly, the plaintiff in *Goodman Management* alleged that "several of [its] properties were altered by the addition of plexiglass barriers and sanitizing stations."  But Chief Judge Juan Sanchez rejected the argument that any alternations were in response to "physical damage," noting that those alterations were instead "intended to make the properties *safer* for patrons."  2023 WL 2351696, at *2 (emphasis added).  This Court's decision in *Goodman Management* confirms that, under *Wilson*, losses that are "entirely 'untethered to the physical condition of the premises,' which were unaltered and undamaged," cannot qualify as "physical loss of or damage to" insured property as required by the Policy.  *Id.* (quoting *Wilson*, 57 F.4th at 143).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  March 14, 2023 | **HOGAN LOVELLS US LLP** |
|  | */s/  David Newmann* |
|  | David Newmann<br>david.newmann@hoganlovells.com<br>Jasmeet K. Ahuja<br>jasmeet.ahuja@hoganlovells.com<br>Jason M. Russell<br>jason.russell@hoganlovells.com<br>1735 Market Street, 23rd Floor<br>Philadelphia, PA 19103<br>Tel: (267) 675-4600<br>Fax: (267) 675-4601 |
|  | *Counsel for Defendant Federal Insurance Company* |

**CERTIFICATE OF SERVICE**

I, David Newmann, hereby certify that, on March 14, 2023, I caused the foregoing Notice of Supplemental Authority to be filed electronically filed with the Clerk of the U.S. District Court for the Eastern District of Pennsylvania using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ David Newmann*